*Davis & Cord, for appellant.*

---

Thomas Armstrong's Admr. *v.* Pennsylvania Co.

**Damages for Killing Employe.**

> To authorize a verdict and judgment in a suit against a railroad company for the death of an employe, it must be shown that the life of the deceased was lost by the wilful neglect of the defendant or its agents and servants.

**Defects in Appliances, Etc.**

> Even where, at the time an employe of a railroad company engaged in switching cars at night is killed, it is shown that the yard was not lighted, that there was a mud hole along the car tracks, that the quadruple and rail track at the switch bar was dangerous, and that the switch bar at the place where the employe was killed ran about three inches above the cross ties when it ought to have been even with them, and while it may have been shown by reason of these conditions the business of switching was rendered more dangerous than if they had been in perfect condition, still in the absence of evidence that deceased lost his life by reason of such defects the plaintiff was not entitled to recover.

APPEAL FROM JEFFERSON COURT OF COMMON PLEAS.

September 29, 1883.

OPINION BY JUDGE LEWIS:

This action was brought under Gen. Stat. 1881, ch. 57, § 3, by the administrator of Thomas Armstrong, who was killed while in the employment of appellee. The only material question presented is whether the court below erred in instructing the jury to find for the defendant as in a case of nonsuit.

The deceased was at the time he was killed engaged in switching cars for appellee. There were only two witnesses introduced on the trial by appellant, and only one of them was present when the killing occurred. That witness testified as follows: "I was sitting at the switch house about fifty feet from where the accident happened. Decedent was switching the cars. It was about eight o'clock at night. The cars were backing towards Main street from towards the bridge. I heard a scream, looked up, saw the man's lantern on the ground and he was under the car wheels. His brains were out and body crushed. I did not see how it happened. The cars were running about eight miles per hour at the time of the accident. There was a mud hole about a foot deep between the cross ties at the switch bar. Decedent was lying after he was killed about five feet south of the switch bar."

To authorize a verdict and judgment in favor of the plaintiff in this case it should have been shown that the life of the deceased was lost by the wilful neglect of the defendant or its agents and servants. The only witness who was near or testifies at all to the killing says

he did not see how it happened. There is therefore a total absence of evidence showing that the life of deceased was lost or destroyed by the wilful neglect of the appellee.

It is true that in addition to the mud hole it was shown that the switch bar ran about three inches above the cross ties, when it ought to have been even with them. It is also in proof that the quadruple and rail track at the switch bar is dangerous, and that the yard was not lighted. It may be true that by reason of the defects mentioned the business of switching in which defendant was engaged, at all times, hazardous, was rendered more dangerous than it would have been if everything had been in proper and perfect order and repair. Still, in the absence of evidence that deceased lost his life by reason of such defects, or in what manner it was lost, the plaintiff was not entitled to a verdict.

The rate of speed at which the trains were run at that place, usually or at other times, did not show or tend to show how fast they were running at the time of the killing or any evidence in regard thereto, and as it was not stated what the answer of the witness to the question would be, we can not say the court erred in refusing to permit the question answered.

Judgment *affirmed.*

*I. H. Trabue, W. C. Trabue, for appellant.*

*Chas. H. Gibson, for appellee.*